IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Geathers,<br><br>        Plaintiff,<br><br>vs.<br><br>Larry McNeil, Clay Anderson, John Doe, and Unknown Defendants,<br><br>        Defendants. | Case No.: 4:24-cv-2909-JD-TER<br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 15), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Nathaniel Geathers's ("Plaintiff" or "Geathers") pleadings.[1]

**A. Background**

Geathers, a former detainee proceeding *pro se*, sued Defendants Larry McNeil, Clay Anderson, John Doe, and Unknown Defendants (collectively "Defendants"), under 42 U.S.C. Section 1983. According to the Report, Geathers alleges

> he has been deprived of personal property, specifically his 2013 F-150 Ford truck, in violation of the Fourth, Fifth, and Fourteenth Amendments. (ECF No. 10 at 4). Plaintiff alleges his truck was taken after the execution of an arrest warrant. (ECF No. 10 at 5). Plaintiff alleges John Doe was seen driving Plaintiff's truck around town. (ECF

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

> No. 10 at 5). Plaintiff alleges as injuries: emotional distress, humiliation, and loss of business to perform dry wall jobs. (ECF No. 10 at 5). Plaintiff's request for relief is return of his truck and monetary damages. (ECF No. 10 at 6).

(DE 15 at 2.)

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff was previously notified of deficiencies in his original complaint and given an opportunity to amend the complaint. (DE.7.) Plaintiff availed himself of that opportunity and filed an Amended Complaint. (DE 10.) The Amended Complaint continues with deficiencies and is subject to summary dismissal.

Accordingly, on May 21, 2024, the Magistrate Judge issued the Report based on his initial review of the pleadings. The Report recommends "that the District Court dismiss Plaintiff's claims under § 1983 *with prejudice* under § 1915(e) and § 1915A and *without issuance and service of process.*" (DE 15 at 4.) The Report made these findings:

(1) Plaintiff's only allegation against Anderson is that he had the arrest warrant.

(2) Plaintiff sues Defendants Anderson, Doe, and unknown defendants in their official capacities only.

> (3) Plaintiff does not make any personal allegations against Defendants Sheriff McNeil or "unknown defendants," as such, these Defendants should be summarily dismissed.

(*Id.* at 2-3.) The Report also noted:

> In order to assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights). Plaintiff here must demonstrate that the official personally caused or played a role in causing the deprivation of a federal right. *See Graham*, 473 U.S. at 166 and *Harris v. City of Va. Beach*, 11 Fed. App'x 212, 215 (4th Cir.2001) . . . .

(*Id.* at n 1.) On June 3, 2024, Plaintiff objected to the Report.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate

judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

1. Plaintiff did not consent to an assignment to a Magistrate Judge under Rule 73(b), Fed. R. Civ. P.

Although unclear, Geathers appears to challenge the Report, contending that he did not sign a consent for a Magistrate Judge to hear his case and that he was denied due process when the case was referred to the Magistrate Judge without notice. (DE 17.) Geathers argues the Magistrate Judge lacked jurisdiction to dismiss his case. To begin with, this Court

> may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). To that end, under District of South Carolina Local Civil Rule 73.02(B)(2)(e) (Automatic References), this matter was automatically assigned to a Magistrate Judge because it included "pretrial proceedings involving litigation by individuals proceedings *pro se*." Given the assignment was done under the local rules, which did not require Geathers's consent, Geathers's due process argument lacks merit. Furthermore, Geathers's jurisdictional argument is rejected since the Report is not a dispositive ruling but only a recommendation. Finally, since Geathers's objection does not address the substance of the Report, the Court overrules the objection.

4

2. Failure to state a claim.

Geathers argues that he has stated a claim under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution concerning the search and seizure of his 2013 F-150 Ford truck. Geathers's amended complaint alleges his truck was taken after executing an arrest warrant and that John Doe was seen driving his truck around town. (DE 10 at 5.) At any rate, the Report correctly found that Geathers's only allegations against Anderson are that he had the arrest warrant and that he did not make any personal allegations against McNeil or "unknown defendants[.]" (*Id.* at 2-3.) Moreover, the Report adeptly explained:

> Deprivations of property by state employees are not actionable under § 1983 and do not offend due process when adequate post-deprivation state remedies are available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Plaintiff has remedies under South Carolina law to obtain relief for the alleged taking of his personal property, by proceeding pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15–78–10 *et seq. See Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir.2008)(State courts are available for property claims and the State process is constitutionally adequate).

(DE 15 at 3.) Geathers's objection does not address the due process remedies afforded him under state law to redress his property deprivation claim. That said, the Court overrules this objection since Plaintiff has not alleged facts in his Complaint or pointed out a legal error in the Report regarding his property deprivation claim.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 15) and incorporates it here by reference.

5

It is, therefore, **ORDERED** that Plaintiff's claims under § 1983 are dismissed with prejudice under § 1915(e) and § 1915A and without issuance and service of process.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 6, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.